IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| MARIAL FULCHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 621-044 |
| ) | |
| WARDEN LAWRENCE WHITTINGTON, ) | |
| ) | |
| Respondent. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254. Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

**I.     Background**

In June 2009, a jury found Petitioner guilty of one count of malice murder, one count of felony murder, two counts of aggravated assault, and one count of possession of a firearm or knife during the commission of a crime. Fulcher v. State, 297 Ga. 733, 736 n.1 (2015). The trial court sentenced Petitioner to life imprisonment for malice murder, life imprisonment for felony murder, and five years imprisonment, to be served consecutively, for possession of a firearm or knife during the commission of a crime. Id. Petitioner filed a motion for a new trial on July 6, 2009, and amended the motion on May 14, 2014. Id. Following a June 14, 2014 hearing, the trial court vacated the life sentence for felony murder on July 8, 2014, but denied

the amended motion for a new trial.  Id.  Petitioner filed a notice of appeal on July 18, 2014, and on October 5, 2015, the Georgia Supreme Court affirmed Petitioner's convictions and sentence.  Id. at 733.  On April 28, 2017, Petitioner filed a state habeas petition in the Superior Court of Wilcox County.  (Doc. no. 1, p. 4.)  The Superior Court of Wilcox County denied the petition, and Petitioner filed an appeal to the Georgia Supreme Court which was denied.  (Id.)

Petitioner commenced this action by submitting a habeas corpus petition to the Northern District of Georgia on March 11, 2021.  (See id.)  On June 22, 2021, United States Magistrate Judge Justin S. Anand transferred the case to this District because Petitioner seeks to challenge his convictions and sentences in the Superior Court of Screven County, Georgia. (Doc. no. 4.)  Petitioner raises four grounds for relief:  (1) he was incompetent at the time of the murder; (2) the verdict was against the weight of the evidence; (3) the trial court allowed inadmissible evidence; and (4) the jury did not properly represent the ethnicity of the county. (See generally doc. no. 1.)

**II.     Discussion**

   **A.     The Petition Is Time-Barred**

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a direct appeal following his convictions in June 2009, his convictions became "final" when the thirty-day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's convictions became final in July 2009.

Petitioner had one year to file his federal habeas corpus petition or take other action to toll the one-year limitations period. The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). On July 6, 2009, Petitioner filed a motion for a new trial, and amended the motion on May 14, 2014. Fulcher, 297 Ga. at 736 n.1. The trial court denied the amended motion for a new trial on July 8, 2014. Id. Petitioner filed a notice of appeal on July 18, 2014, and on October 5, 2015 the Georgia Supreme Court affirmed Petitioner's convictions and sentence. Id. at 733. Petitioner did not file his state habeas petition until April 28, 2017. (Doc. no. 1, p. 4.) Therefore, the one-year limitations

period for filing a federal petition had already expired by the time Petitioner filed his state habeas petition, meaning that no time period remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). Thus, the instant petition filed in March of 2021, almost six years after his convictions became final in October of 2015, is untimely.

    **B.**    **The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any statutory sections of AEDPA set forth above. Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the

petitioner must establish both.  See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category:  cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 394-95.

Here, Petitioner has not shown extraordinary circumstances stood in his way and prevented him from timely filing his federal petition, or that he had been pursuing his rights diligently during the time his convictions became final in October 2015 and he started seeking habeas relief in the state courts in 2017.  Additionally, Petitioner has not presented any evidence, much less new, reliable evidence, to show he did not commit the offenses of which he was convicted such that no reasonable juror would have found him guilty beyond a

reasonable doubt.  Rather, Petitioner merely argues he acted in the "heat of passion" and "blacked out . . . and has no recollection as to the events or his actions . . . ."  (Doc. no. 1, p. 5.)  Petitioner also asserts there was no physical evidence placing him at the scene of the crime, and "it is possible" someone other than Petitioner committed the murder.  (Id. at 11.)  Neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

### III. The Petition Also Should Be Dismissed for Failure to Comply with Court Order to Pay the Filing Fee

On June 28, 2021, the Court denied Petitioner's request to proceed *in forma pauperis* ("IFP") because he had $81.45 in his prison trust fund account and directed Petitioner to pay the $5.00 filing fee within twenty-one days.  (See doc. no. 7.)  Petitioner did not pay the filing fee, object to the order, submit a new IFP motion, or otherwise explain why he could not pay the $5.00.  Therefore, the case is subject to dismissal for failure to comply with the Court's June 28th Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where

a litigant has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) & (c) (Court may dismiss an action *sua sponte* for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness.").

Here, Petitioner's failure to pay the $5.00 filing fee or otherwise explain to the Court why he has not paid evidences non-compliance with a court order and amounts to a failure to prosecute. This is precisely the type of neglect contemplated by the Local Rules. Thus, the case is subject to dismissal without prejudice for his failure to comply with the Court's June 28th Order.

## IV.  Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of August, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA